UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| YANICK JACQUES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-10520-DJC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| MARK BEAUMONT, MD, PHILIP | ) | |
| SEVERIN, III, MD, JO-ANN WINBUSH, | ) | |
| and CODMAN SQUARE HEALTH | ) | |
| CENTER, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
CERTAIN CLAIMS AND TO SUBSTITUTE THE UNITED STATES**

**I.   INTRODUCTION**

The United States of America, acting on behalf of the defendants Philip Severin, III, MD, Jo-Ann Winbush, and the Codman Square Health Center, Inc. ("Health Center"), requests that this Court dismiss all claims against Dr. Severin and Ms. Winbush in their individual capacities, and all claims against the Health Center founded upon the conduct of Dr. Severin and Ms. Winbush, and to substitute the United States as the defendant with respect to such claims.  As explained in more detail below, with respect to the claims against Dr. Severin and Ms. Winbush, and the claims against the Health Center founded upon the alleged acts or omissions of Dr. Severin and Ms. Winbush, the United States is the only proper defendant because, pursuant to 42 U.S.C. § 233(a), Dr. Severin and Ms. Winbush are deemed to be federal employees for purposes of the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq* ("FTCA"), and consequently the

remedy provided by the FTCA against the United States is exclusive of any other civil action or proceeding by reason of the same subject-matter.

## II. STATEMENT OF FACTS

For purposes of this motion only, the facts alleged in the Complaint are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint alleges that, at all relevant times, the Codman Square Health Center was a federally-supported health center pursuant to 42 U.S.C. § 254b and 42 U.S.C. § 233(g)-(n). Complaint ¶ 10.[1] The Complaint also alleges that Dr. Severin and Ms. Winbush were, at all relevant times, employees of the Health Center, and that they are therefore entitled to Federal Tort Claims Act coverage pursuant to 28 U.S.C. §§ 1346(b) and 2401(b). *Id*. ¶¶ 8, 9, 10; *see also* 28 U.S.C. § 2679(b).[2] According to the Complaint, from approximately November 2007 to November 2008, Dr. Beaumont, a physician at the Health Center, provided treatment of the plaintiff Yanick Jacques at the Health Center, and that in November 2008 he reported concerns about boundary violations. *Id*. ¶¶ 11-12. The Complaint alleges that Dr. Beaumont met with Dr. Severin, the medical director at Codman, and that Ms. Jacques' care was then transferred to another provider. *Id*. According to the Complaint, defendant Jo-Ann Winbush, the Director of Operations at the Health Center, met with Ms. Jacques and told her she would need to transfer her care to other providers. The plaintiff further alleges that beginning in April 2009, Dr. Beaumont again began providing gynecological medical care to Ms. Jacques and continued to do so through April 2011. *Id* ¶ 14. The law suit

---

[1] This is confirmed by the accompanying Declaration of Jill Steinberg (Exhibit 1 hereto).

[2] The Complaint also makes similar allegations with respect to the defendant Mark Beaumont, MD, but, for reasons evident on the face of the Complaint, the United States believes Dr. Beaumont's conduct did not constitute "the performance of medical . . . or related functions" within the meaning of 42 U.S.C. § 233(a), and was not within the scope of his employment. Therefore the United States is not requesting that it be substituted as the defendant with respect to claims against Dr. Beaumont. The United States reserves its right to seek the dismissal of the claims against the Government founded upon the conduct of Dr. Beaumont.

alleges that in May 2010, Dr. Beaumont began engaging in sexual relations with Ms. Jacques, and that in May 2011, when Ms. Jacques informed Dr. Beaumont that she was pregnant, Dr. Beaumont asked her to terminate the pregnancy. *Id*. ¶¶ 15-16.  The plaintiff further alleges that on May 24, 2011, without discussing it with her, Dr. Beaumont called in a prescription for misoprostol for the plaintiff in order to cause a termination of the plaintiff's pregnancy. *Id*. ¶ 17.  The plaintiff reported Dr. Beaumont's conduct to the Massachusetts Board of Registration in Medicine, which subsequently revoked Dr. Beaumont's medical license.  Ms. Jacques alleges she suffered psychological injury and emotional and psychological distress.

Counts Two, Three, Five, and Six of the Complaint assert claims against Dr. Severin and Ms. Winbush.  Each of these Counts alleges that the defendant (Dr. Severin or Ms. Winbush as the case may be), "upon learning of boundary violation problems between the plaintiff and Dr. Beaumont, . . . had a duty to exercise reasonable skill, care, and diligence to, among other things, prevent Dr. Beaumont from treating the Plaintiff at the Health Center, and failed to do so."  In Counts Seven and Eight (against the Health Center), the Complaint alleges that Dr. Severin and Ms. Winbush were acting within the scope of their employment.  Complaint ¶¶ 46, 50.[3]

**III.    ARGUMENT**

**The Claims Against Dr. Severin and Ms. Winbush, and the Claims Against the Health Center That Are Founded Upon the Alleged Acts or Omissions of Dr. Severin and Ms. Winbush, Are Barred By 42 U.S.C. § 233(a)**

The Complaint alleges, and the United States agrees, that at all relevant times the Health Center was a federally-supported health center pursuant to 42 U.S.C. § 254b and 42 U.S.C. § 233(g)-(n), and that Dr. Severin and Ms. Winbush were employees of the Health Center entitled to Federal Tort Claims Act coverage pursuant to 28 U.S.C. §§ 1346(b), 2401(b), and 2679(b).

---

[3]    Paragraphs 46 and 50 also allege that Dr. Mark Beaumont also was acting within the scope of his employment.  The United States denies this.

The Federally Supported Health Centers Assistance Act, codified at 42 U.S.C. 233(a), provides in part:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28 [the Federal Tort Claims Act ("FTCA")], or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under 28 U.S.C. § 1346(b), for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, by any commissioned officer or employee of the Public Health Service while acting within the scope of his or her office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

*And see* 42 U.S.C. § 233(g).

It is evident from the Complaint that the alleged acts or omissions of Dr. Severin and Ms. Winbush constitute "medical . . . or related functions" within the meaning of 42 U.S.C. 233(a). The United States does not understand the plaintiff to contend otherwise. The United States Attorney for the District of Massachusetts, acting under the authority of the Attorney General, has certified that Dr. Severin and Ms. Winbush were acting within the scope of their employments at the time of the incidents out of which the plaintiffs' tort claims arose. *See* Certification (Exhibit 2, attached hereto). Accordingly, pursuant to 42 U.S.C. § 233(a) and (g)(1), and 28 U.S.C. § 2679(b) & (d), the claims against those individuals must be dismissed and the United States shall be substituted as the party defendant on Counts 2, 3, 5, and 6 of the Complaint. *Cf. Velez-Diaz v. Vega-Irizarry*, 421 F.3d 71, 75 (1st Cir. 2005); *Gonzalez v. United States*, 284 F.3d 281 (1st Cir. 2002).

The claims against the Health Center that are founded on the alleged acts or omissions of Dr. Severin and Ms. Winbush must also be dismissed. At all relevant times the Health Center was deemed an employee of the Public Health Service pursuant to 42 U.S.C. § 233(g), and

4

therefore the remedy against the United States under the FTCA shall be exclusive with respect to acts or omissions within the scope section 233(g).  Complaint ¶ 10; Declaration of Jill Steinberg (Exhibit 1).  There is simply no room for a parallel remedy against the Health Center with respect to the conduct of Dr. Severin and Ms. Winbush.

## IV.     CONCLUSION

For the foregoing reasons, the Court should enter an Order dismissing the defendants Severin and Winbush, and dismissing the claims against the Health Center that are founded upon the alleged acts and omissions of Severin and Winbush, and substituting the United States as the defendant with respect to such claims.  A proposed Order is submitted herewith.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:     /s/ *George B. Henderson, II*
George B. Henderson, II
Assistant U.S. Attorney
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3272
*george.henderson2@usdoj.gov*

Dated: May 28, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2013, the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *George B. Henderson, II*
George B. Henderson, II