UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| YANICK JACQUES,<br>      Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>MARK BEAUMONT, MD, PHILIPP<br>SEVERIN, III, MD, JO-ANN WINBUSH,<br>and CODMAN SQUARE HEALTH<br>CENTER, INC.<br>Defendants | C.A. No. |

## COMPLAINT AND JURY DEMAND

### Introduction

1. This is an action in tort brought by Yanick Jacques against the defendants.

### Jurisdiction and Venue

2. Pursuant to 28 U.S.C. § 1346(b), the District Court has exclusive, original jurisdiction over the Federal Tort Claims Act Claims asserted herein.

3. An administrative claim was properly presented to the Department of Health and Human Services, on April 30, 2012. On November 5, 2012 counsel for plaintiff received a letter from the Department of Health and Human Services denying the claim. See Exhibits 1, 2. The content of both letters are incorporated by reference. The Department of Health and Human Services did not provide any explanation for the denial of the claim, including whether it had deemed the other defendants its agents for the purposes of the Federal Torts Claims Act.

4. Pursuant to 28 U.S.C. § 1367, the District Court has supplemental jurisdiction over the claims against the other defendants.

5. Venue is proper in the District Court pursuant to 28 U.S.C. §1402(b) in that the plaintiff

resides in this District and the act/omission complained of occurred in this District.

## Parties

6. The plaintiff, Yanick Jacques, is a resident of Suffolk County, Massachusetts.

7. The defendant, Mark Beaumont, MD, at all times relevant herein acting as an agent, servant and/or employee of the defendant United States of America, held himself out as a physician with a specialty in family medicine with an office and principal place of business at Codman Square Health Center, 637 Washington Street, Boston, Suffolk County, Massachusetts. He is a resident of Suffolk County, Massachusetts.

8. Defendant Philipp Severin, III, MD, at all times relevant herein acting as an agent, servant and/or employee of the defendant United States of America, was the Medical Director of Codman Square Health Center, with an office and principal place of business at Codman Square Health Center, 637 Washington Street, Boston, Suffolk County, Massachusetts.

9. Defendant Jo-Ann Winbush, at all times relevant herein acting as an agent, servant and/or employee of the defendant United States of America, was the Director of Operations at Codman Square Health Center, with an office and principal place of business at Codman Square Health Center, 637 Washington Street, Boston, Suffolk County, Massachusetts.

10. Defendant Codman Square Health Center, Inc. is a corporation with an office and principal place of business at Codman Square Health Center, 637 Washington Street, Boston, Suffolk County, Massachusetts. At all relevant times Codman Square Health Center was a Public Health Service Act Section 330 Community Health Center pursuant to 42 U.S.C. § 254b and 42 U.S.C. § 233(g)-(n). As such, it and its employees, including Drs. Beaumont and Severin, and Ms. Winbush are entitled to Federal Tort Claim Act coverage pursuant to 28 U.S.C. §§ 1346(b), 2401(b), and 2671-80.

## Factual Background

11. From in or about November 2007 to in or about November 2008, and from in or about April 2009 through in or about April 2011, Dr. Beaumont undertook for compensation to provide counseling, care, treatment and advice to Yanick Jacques. He was her primary care provider at Codman Square Health Center (Codman), during which time he also provided her mental health counseling.

12. In late November 2008, Dr. Beaumont informed a behavioral health provider at Codman that he had concerns with his medical management of the plaintiff related to boundary violations. He met with defendant Phillip Severin, the medical director at Codman, and shortly thereafter the plaintiff's care was transferred from Dr. Beaumont to another

provider.

13. After Dr. Beaumont met with Dr. Severin, defendant Jo-Ann Winbush, Director of Operations at Codman met with plaintiff and told her she would need to transfer her care to another physician and a therapist at Codman because of concerns about boundary violations.

14. After Dr. Beaumont met with Dr. Severin and Jo-Ann Winbush met with the plaintiff, her care was transferred to another physician. However, beginning in April 2009 Dr. Beaumont again began to formally provide gynecological medical care to the plaintiff at Codman, and continued to do so through April 2011.

15. In May 2010 Dr. Beaumont began engaging in sexual relations with the plaintiff in various places, including medical exam rooms at Codman.

16. In May 2011 plaintiff informed Dr. Beaumont that she was pregnant. Dr. Beaumont asked plaintiff to terminate the pregnancy, which she did not want to do.

17. On May 24, 2011, without discussing it with her, Dr. Beaumont called in a prescription for misoprostol for the plaintiff in order to cause a termination of her pregnancy. Plaintiff did not learn that this medication had been prescribed for her or that it would cause an abortion until her pharmacist explained it to her. Although plaintiff did not take the misoprostol this caused her significant physical and emotional injury. Plaintiff later learned that her pregnancy was likely ectopic and she was having a miscarriage.

18. Plaintiff reported Dr. Beaumont's conduct to the Board of Registration in Medicine, which prosecuted him and found that his conduct amounted to negligence in the practice of medicine. The Board revoked his medical license.

19. Plaintiff did not begin to appreciate, understand or discover that she had been harmed by the defendants until substantially after May of 2010, and it was reasonable that she did not discover her injuries until that time. The defendants' conduct caused Yanick Jacques to be subject to psychological mechanisms, including but not limited to, denial and repression which precluded her from being able to understand the nature of her injuries or to relate her injuries to the defendants' conduct.

### COUNT ONE – FEDERAL TORTS CLAIM ACT - MARK BEAUMONT, MD

20. The Plaintiff repeats and realleges the allegations of all above Paragraphs as if each were separately and specifically set forth herein.

21. The defendant, Mark Beaumont, MD, was at all times relevant herein acting as an agent,

3

servant and/or employee of the defendant United States of America.

22. In providing counseling, care, treatment, and advice, and engaging in other conduct constituting boundary violations, the defendant, Dr. Beaumont was negligent in failing to exercise that degree of skill, care, and diligence that is exercised by the average qualified practitioner engaged in practice at a professional level such as that in which the defendant was then engaged.

23. As a direct and proximate result of the defendant's conduct, Yanick Jacques suffered and continues to suffer personal injury and extreme emotional and psychological distress, among other damages.

### COUNT TWO – FEDERAL TORTS CLAIM ACT – PHILIPP SEVERIN, III, MD

24. The Plaintiff repeats and realleges the allegations of all above Paragraphs as if each were separately and specifically set forth herein.

25. The defendant, Philipp Severin, III, MD, was at all times relevant herein acting as an agent, servant and/or employee of the defendant United States of America.

26. In his capacity as Medical Director at Codman, upon learning of boundary violation problems between the plaintiff and Dr. Beaumont, defendant Philipp Severin, III, MD had a duty to exercise reasonable skill, care, and diligence to, among other things, prevent Dr. Beaumont from treating the Plaintiff at Codman, and failed to do so.

27. As a direct and proximate result of the defendant's conduct, Yanick Jacques suffered and continues to suffer personal injury and extreme emotional and psychological distress, among other damages.

### COUNT THREE – FEDERAL TORTS CLAIM ACT – JO-ANN WINBUSH

28. The Plaintiff repeats and realleges the allegations of all above Paragraphs as if each were separately and specifically set forth herein.

29. The defendant, Jo-Ann Winbush, was at all times relevant herein acting as an agent, servant and/or employee of the defendant United States of America.

30. In her capacity as Director of Operations at Codman, upon learning of boundary violation problems between the plaintiff and Dr. Beaumont, defendant Jo-Ann Winbush had a duty to exercise reasonable skill, care, and diligence to, among other things, prevent Dr. Beaumont from treating the Plaintiff at Codman, and failed to do so.

31. As a direct and proximate result of the defendant's conduct, Yanick Jacques suffered and continues to suffer personal injury and extreme emotional and psychological distress, among other damages.

### COUNT FOUR – NEGLIGENCE - MARK BEAUMONT, MD

32. The Plaintiff repeats and realleges the allegations of all above Paragraphs as if each were separately and specifically set forth herein.

33. The defendant, Mark Beaumont, MD, at all times relevant herein held himself out as a physician with a specialty in family medicine with an office and principal place of business at Codman Square Health Center, 637 Washington Street, Boston, Suffolk County, Massachusetts. He is a resident of Suffolk County, Massachusetts.

34. In providing counseling, care, treatment, and advice, and engaging in other conduct constituting boundary violations, the defendant, Dr. Beaumont was negligent in failing to exercise that degree of skill, care, and diligence that is exercised by the average qualified practitioner engaged in practice at a professional level such as that in which the defendant was then engaged.

35. As a direct and proximate result of the defendant's conduct, Yanick Jacques suffered and continues to suffer personal injury and extreme emotional and psychological distress, among other damages.

### COUNT FIVE – NEGLIGENCE – PHILIPP SEVERIN, III, MD

36. The Plaintiff repeats and realleges the allegations of all above Paragraphs as if each were separately and specifically set forth herein.

37. The defendant, Philipp Severin, III, MD, was at all times relevant herein the Medical Director of Codman Square Health Center, with an office and principal place of business at Codman Square Health Center, 637 Washington Street, Boston, Suffolk County, Massachusetts.

38. In his capacity as Medical Director at Codman, upon learning of boundary violation problems between the plaintiff and Dr. Beaumont, defendant Philipp Severin, III, MD had a duty to exercise reasonable skill, care, and diligence to, among other things, prevent Dr. Beaumont from treating the Plaintiff at Codman, and failed to do so.

39. As a direct and proximate result of the defendant's conduct, Yanick Jacques suffered and continues to suffer personal injury and extreme emotional and psychological distress, among other damages.

### COUNT SIX – NEGLIGENCE – JO-ANN WINBUSH

40. The Plaintiff repeats and realleges the allegations of all above Paragraphs as if each were separately and specifically set forth herein.

41. The defendant, Jo-Ann Winbush, was at all times relevant herein the Director of Operations at Codman Square Health Center, with an office and principal place of business at Codman Square Health Center, 637 Washington Street, Boston, Suffolk County, Massachusetts.

42. In her capacity as Director of Operations at Codman, upon learning of boundary violation problems between the plaintiff and Dr. Beaumont, defendant Jo-Ann Winbush had a duty to exercise reasonable skill, care, and diligence to, among other things, prevent Dr. Beaumont from treating the Plaintiff at Codman, and failed to do so.

43. As a direct and proximate result of the defendant's conduct, Yanick Jacques suffered and continues to suffer personal injury and extreme emotional and psychological distress, among other damages.

### COUNT SEVEN – FEDERAL TORTS CLAIM ACT – CODMAN SQUARE HEALTH CENTER, INC.

44. The Plaintiff repeats and realleges the allegations of all above Paragraphs as if each were separately and specifically set forth herein.

45. Defendant Codman Square Health Center, Inc. is a corporation with an office and principal place of business at Codman Square Health Center, 637 Washington Street, Boston, Suffolk County, Massachusetts. At all relevant times Codman Square Health Center was a Public Health Service Act Section 330 Community Health Center pursuant to 42 U.S.C. § 254b and 42 U.S.C. § 233(g)-(n). As such, it and its employees, including Drs. Beaumont and Severin, and Ms. Winbush are entitled to Federal Tort Claim Act coverage pursuant to 28 U.S.C. §§ 1346(b), 2401(b), and 2671-80.

46. Defendants Mark Beaumont, MD, Philipp Severin, III, MD, and Jo-Ann Winbush, at all times relevant herein were agents, servants and/or employees of Codman Square Health Center, acting within the scope of said agency and/or employment.

47. As a direct and proximate result of the defendant's agents', servants' and/or employees' conduct, Yanick Jacques suffered and continues to suffer personal injury and extreme emotional and psychological distress, among other damages.

## COUNT EIGHT – AGENCY – CODMAN SQUARE HEALTH CENTER, INC.

48. The Plaintiff repeats and realleges the allegations of all above Paragraphs as if each were separately and specifically set forth herein.

49. Defendant Codman Square Health Center, Inc. is a corporation with an office and principal place of business at Codman Square Health Center, 637 Washington Street, Boston, Suffolk County, Massachusetts.

50. Defendants Mark Beaumont, MD, Philipp Severin, III, MD, and Jo-Ann Winbush, at all times relevant herein were agents, servants and/or employees of Codman Square Health Center, acting within the scope of said agency and/or employment.

51. As a direct and proximate result of the defendant's agents', servants' and/or employees' conduct, Yanick Jacques suffered and continues to suffer personal injury and extreme emotional and psychological distress, among other damages.

    WHEREFORE, the plaintiff requests that this Court grant the following relief:

    a) That judgment be entered against the defendants, jointly and severally, for damages, plus interest and costs, incurred by plaintiff.

    b) Any other relief that the Court deems appropriate.

**PLAINTIFFS CLAIM A TRIAL BY JURY.**

Plaintiffs,
By their attorneys:

Date:

\_\_s/Scott M. Heidorn_____
Clyde D. Bergstresser, BBO #039200
Scott M. Heidorn, BBO# 661787
Bergstresser & Pollock LLC
52 Temple Place
Boston, MA 02111
(617) 682-9211
(617) 451-1070 – FAX