COMMONWEALTH OF MASSACHUSETTS

Middlesex, SS.                                    Board of Registration in Medicine

Adjudicatory Case No.   2012-005

In the Matter of            )
                            )
MARK BEAUMONT, M.D.         )
                            )

### CONSENT ORDER

Pursuant to G.L. c. 30A, § 10, Mark Beaumont, M.D. (Respondent) and the Board of Registration in Medicine (Board) (hereinafter referred to jointly as the "Parties") agree that the Board may issue this Consent Order to resolve the above-captioned adjudicatory proceeding. The Parties further agree that this Consent Order will have all the force and effect of a Final Decision within the meaning of 801 CMR 1.01(11)(d). The Respondent admits to the findings of fact specified below and agrees that the Board may make the conclusions of law and impose the sanction set forth below in resolution of investigative Docket No. 11-223.

#### Findings of Fact

1. The Respondent was born on September 9, 1976. He has been licensed in Massachusetts since 2005 under certificate number 225838. He is certified by the American Board of Family Medicine. Until June 30, 2011, he was affiliated with Codman Square Health Center (Codman) and Boston Medical Center (BMC).

2. On June 30, 2011, the Respondent entered a Voluntary Agreement Not to Practice and it was ratified by the Board on July 20, 2011.

3. Patient A, a female, was born in 1974.

4. Patient A has a history of mental health issues including depression and anxiety.

5. Patient A has sought mental health treatment including medication and in-patient hospitalization.

6. From November 2007 to November 2008, Dr. Beaumont was Patient A's primary care provider at Codman.

7. From November 2007 to November 2008, Dr. Beaumont provided mental health counseling for Patient A.

8. In late November 2008, the Respondent documented that he informed a behavioral health provider at Codman that he had concerns regarding the medical management of Patient A. The Respondent documented that Patient A often crossed boundaries –e.g. came to Codman without an appointment, had the expectation that the Respondent would treat her and no one else, and spoke to the Respondent in church. The Respondent document in Patient A's medical record that he had concerns of safety for his family. The Respondent sought advice from the Codman medical director regarding the Respondent's issues with Patient A.

9. On November 24, 2008, Patient A's care was transferred to another Codman provider.

10. From April 2009 to April 2011, the Respondent saw Patient A for six gynecological visits at Codman.

11. In May 2010, the Respondent began a sexual relationship with Patient A.

12. From May 2010 to April 2011, the Respondent engaged in sexual relations with Patient A at her home, at Codman, at BMC, and at a hotel.

13. In May 2011, Patient A informed the Respondent that she was pregnant.

14. The Respondent asked Patient A to terminate the pregnancy.

15. On May 24, 2011, the Respondent called in a prescription for misoprostol for Patient A without informing Patient A.

16. The Respondent's purpose in prescribing misoprostol for Patient A was to cause a termination of Patient A's pregnancy.

17. While at the pharmacy filling a prenatal vitamin prescription from her obstetrician, Patient A was informed by the pharmacist that there was a prescription for misoprostol for her.

18. The pharmacist told Patient A that misoprostol would terminate her pregnancy.

19. Patient A went to Codman and informed the Respondent that she would not use the misoprostol.

20. On June 2, 2011, Patient A went to Carney Hospital. Patient A had a blood pregnancy test performed and the result was positive. Patient A had a pelvic ultrasound performed but no pregnancy was seen. Patient A was informed that she was having a miscarriage.

21. On June 9, 2011, the Respondent accompanied Patient A to Beth Israel Deaconess Medical Center (BIDMC).

22. On June 10, 2011, the Respondent accompanied Patient A to BIDMC.

23. On June 10, 2011, Patient A was informed by the BIDMC providers that it was likely that her pregnancy was ectopic.

24. The BIDMC providers recommended that Patient A receive an injection of Methotrexate to treat a likely ectopic pregnancy.

25. Patient A told BIDMC staff, in the Respondent's presence that, if there was any chance that her pregnancy was viable, she wanted to have the baby.

26. While at BIDMC, Patient A sought medical advice and personal support from the Respondent.

27. The Respondent advised Patient A to receive Methotrexate.

28. Patient A consented to Methotrexate treatment.

## Conclusion of Law

A. The Respondent has violated G.L. c. 112, § 5, ninth par. (c) and 243 CMR 1.03(5)(a)3 by engaging in conduct that places into question the Respondent's competence to practice medicine including practicing medicine fraudulently.

B. The Respondent has violated G.L. c. 112, § 5, ninth par. (c) and 243 CMR 1.03(5)(a)3 by engaging in conduct that places into question the Respondent's competence to practice medicine including gross misconduct in the practice of medicine.

C. The Respondent has violated 243 CMR 1.03(5)(a)10 by practicing medicine deceitfully, or engaging in conduct that has the capacity to deceive or defraud.

D. The Respondent has violated 243 CMR 1.03(5)(a)18 by committing misconduct in the practice of medicine.

E. The Respondent lacks good moral character and has engaged in conduct that undermines the public confidence in the integrity of the medical profession. *See Levy v. Board of Registration in Medicine*, 378 Mass. 519 (1979); *Raymond v. Board of Registration in Medicine*, 387 Mass. 708 (1982).

### Sanction and Order

The Respondent's license is hereby REVOKED. Said revocation is retroactive to June 30, 2011. This sanction is imposed for Docket No. 11-223 and Conclusions of Law A, B, C, D, and E.

### Execution of this Consent Order

The Respondent shall provide a complete copy of this Consent Order with all exhibits and attachments within ten (10) days by certified mail, return receipt requested, or by hand delivery to the following designated entities: any in- or out-of-state hospital, nursing home, clinic, other licensed facility, or municipal, state, or federal facility at which the Respondent practices medicine; any in- or out-of-state health maintenance organization with whom the Respondent has privileges or any other kind of association; any state agency, in- or out-of-state, with which the Respondent has a provider contract; any in- or out-of-state medical employer, whether or not the Respondent practices medicine there; the state licensing boards of all states in which the Respondent has any kind of license to practice medicine; the Drug Enforcement Administration Boston Diversion Group; and the Massachusetts Department of Public Health, Drug Control Program. The Respondent shall also provide this notification to any such designated entities with which the Respondent becomes associated during the existence of this revocation. The Respondent is further directed to certify to the Board within ten (10) days that the Respondent has complied with this directive.

The Board expressly reserves the authority to independently notify, at any time, any of the entities designated above, or any other affected entity, of any action it has taken.

_[signature]_ 12/13/11
Mark Beaumont, M.D.          Date
Respondent

_[signature]_ 1/3/12
George Wakeman, Esq.         Date
Attorney for the Licensee

_[signature]_ 1/4/12
Tracy Morong                 Date
Complaint Counsel

So ORDERED by the Board of Registration in Medicine this 18th day of January, 2012.

_[signature]_
Peter Paige, M.D.
Chairman

SENT CERTIFIED MAIL
1-18-12 KR

COMMONWEALTH OF MASSACHUSETTS

Middlesex, SS.  Board of Registration in Medicine

Adjudicatory Case No. 2012-005

In the Matter of )
)
)
MARK BEAUMONT, M.D. )
)

## ORDER TO USE PSEUDONYMS AND IMPOUND IDENTITIES AND MEDICAL RECORDS

In keeping with Board policy to protect confidentiality, the Board of Registration in Medicine hereby ORDERS:

1. The public record and docket in this matter shall not contain information identifying the individual listed in ¶ 2 below.

2. The following pseudonym shall be used to identify the named individual:

    Patient A: Yanick Jacques

3. Pursuant to G.L. c. 4, §7, cl. Twenty-Sixth (c), all medical records shall be impounded.

4. The Respondent, his attorney and/or authorized representative are prohibited from disclosing the identities of the individuals or disseminating the impounded medical records. Violation of this impoundment order may result in additional charges being issued against the Respondent.

5. This Order shall be filed and docketed under appropriate seal, and shall be impounded.

So Ordered,

_____
Peter Paige, M.D.
Chairman

Dated: January 18, 2012

SENT CERTIFIED MAIL
1-19-12 KSR