UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YANICK JACQUES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-10520-DJC |
| ) | |
| UNITED STATES OF AMERICA, *et al*., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT CODMAN SQUARE HEALTH CENTER'S MOTION FOR SUMMARY JUDGMENT**

In its Motion for Summary Judgment, Codman Square Health Center adopts the argument of the United States of America, that all of Dr. Beaumont's alleged negligence was outside the scope of his employment. As discussed in detail in Plaintiff's Opposition to the United States' Motion for Summary Judgment, Dr. Beaumont's negligence was within the scope of his employment.

There is no dispute that counseling patients was part of Dr. Beaumont's job. Dr. Severin admits as much in his deposition. See Plaintiff's Statement of Facts at 45. As explained above, plaintiff alleges that Dr. Beaumont was negligent: 1) when he decided to provide counseling to Ms. Jacques; 2) when he provided negligent counseling to her; 3) in failing to recognize the phenomena of Transference and Countertransference; and finally 4) when he engaged in boundary violations with her. Clearly the first three acts of negligence were within the scope of his employment. And these three acts of negligence laid the foundation for the boundary violations, as explained by plaintiff's expert Dr. Blaine. See Plaintiff's Statement of Facts at 56.

Plaintiff agrees with defendant's description of the factors that Courts must

consider when determining whether a defendant's conduct is within the scope of employment: 1) whether the conduct is of the kind the employee is hired to perform, 2) whether it occurs within authorized time and space limits, and 3) whether it is motivated, at least in part, by a purpose to serve the employer.  Dr. Beaumont's conduct satisfies each of these factors.

All parties agree that counseling Ms. Jacques was part of the job Dr. Beaumont was hired to perform. Dr. Severin expected that Dr. Beaumont would provide rudimentary counseling to his patients, and expected him to assess whether he was competent to provide counseling to Ms. Jacques or whether she should be referred to Behavioral Health.  See Plaintiff's Statement of Facts at 46.  One of plaintiff's principal allegations in this matter is that Dr. Beaumont was negligent in making this assessment. In taking on the psychiatric treatment of a patient like Ms. Jacques, Dr. Beaumont was in way over his head, and his conduct amounted to a departure from the standard of care.

Similarly there can be no dispute that Dr. Beaumont's conduct with respect to plaintiff's first three theories of negligence took place within authorized time and space limits.  Dr. Beaumont provided therapy to Ms. Jacques at Codman during normal business hours.  Again, this conduct set the foundation for his subsequent negligence and all of Ms. Jacques harm flowed therefrom.  In addition, Dr. Beaumont engaged in sexual relations with Ms. Jacques during medical appointments at Codman at least a dozen times.  See Plaintiff's Statement of Facts at 47.

Finally, Dr. Beaumont's conduct with respect to plaintiff's first three theories was motivated, at least in part, by a purpose to serve his employer.  In proving counseling to Ms. Jacques, Dr. Beaumont was providing medical services to her, which is the purpose

of Codman Square Health Center.  His motivation was to help her.  The negligent manner in which he carried this out does not change his motivation.  *See e.g.* Alperin, *Duties of Principal to Third Party,* 14 Mass. Prac. § 1.67 (4th ed.), citing *Levi v. Brooks*, 121 Mass. 501, 505 (1877) (an employer is liable for his employee's conduct if the act of the employee is done in the course of doing the employer's work and for the purpose of accomplishing it, "whether the wrong done be occasioned by negligence, or by a wanton and reckless purpose to accomplish the master's business in an unlawful manner").  Again, as discussed above, the foundation for Dr. Beaumont's boundary violations was created during his negligent treatment of the plaintiff, and all of her damages flow therefrom.

The *Petrell* and *Fells Acres* decisions cited by defendants are cases that simply alleged improper sexual relations.  Defendants claim that these cases instruct courts not to focus on the conduct that put the wrongdoer in a position to engage in the wrongful conduct, but on the wrongful conduct itself, improper sexual relations.  Thus in *Petrell*, a church rector was acting outside of the scope of his employment when he had a sexual relationship with a parishioner who came to him for counseling.  In *Fells Acres*, day care employees who had sexual relations with children were acting outside of the scope of their employment.  Neither of these cases, however, discuss negligence in the performance of legitimate job duties that led to the sexual contact.

The case at bar is different.  In this case, plaintiff alleges that Dr. Beaumont's negligence foreseeably led to plaintiff's damages.  Unlike the plaintiffs in *Petrell* and *Fells Acres*, plaintiff alleges, with expert support, that the defendant was negligent in providing counseling that he was not qualified to perform, continued to provide

counseling after he knew it would be better for Ms. Jacques to see a specialist and failed to recognize the phenomena of Transference and Countertransference.  Each of these departures from the standard of care occurred within the scope of his employment, and the sexual relationship with the plaintiff was a foreseeable result of each such departure.

|  |  |
|---|---|
| Date: June 19, 2014 | Respectfully Submitted by the Plaintiff,<br>By her attorneys:<br><br>　/Scott M. Heidorn　<br>Clyde D. Bergstresser, BBO #039200<br>Scott M. Heidorn, BBO# 661787<br>Bergstresser & Pollock LLC<br>52 Temple Place<br>Boston, MA 02111<br>(617) 682-9211<br>(617) 451-1070<br>Clyde@bergstresser.com<br>Scott@bergstresser.com |

CERTIFICATE OF SERVICE

I, Scott Heidorn, hereby certify that I served this document on all parties of record via ECF on June 19, 2014.

　/Scott M. Heidorn